[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authorities except as provided in S.Ct.R.Rep.Op. 2(G) (1).
On July 27, 1998, the defendant-appellant, while represented by retained counsel, pleaded guilty to the charge of aggravated robbery with a gun specification (Trial No. B-9802653) and to the separate charge of aggravated robbery with a gun specification (Trial No. B-9802498C). Pursuant to a plea bargain, the defendant-appellant was informed by the presiding judge, after scrupulous compliance with Crim.R. 11(C), that he would be sentenced to a total of ten years' confinement.
On November 6, 1998, the defendant-appellant, through his retained counsel, filed identical motions to withdraw his guilty pleas in each of the numbered cases. On November 9, 1998, the judge who had accepted the guilty pleas conducted a hearing on those motions. The defendant-appellant was represented at the hearing by his retained counsel. After argument was concluded, the court stated orally that the motions to withdraw the previously-entered pleas of guilty were overruled. The court then heard from counsel with respect to mitigation of the sentence to be imposed in harmony with the plea bargain. The defendant-appellant expressly declined the court's invitation to speak on his own behalf before the imposition of sentence. Thereafter, counsel was appointed to represent the defendant-appellant on appeal.
The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus. The record convinces us that the court below complied, ab initio, with Crim.R. 11(C) before accepting the guilty pleas, that it proceeded in accordance with Crim.R. 32.1 when addressing the motions, and that it complied with the directives in State v. Xie, supra, when ruling upon them. The record does not demonstrate that, in overruling the motions, the court abused its discretion. Here, the defendant-appellant was, at the outset, represented by counsel of his own choice, who negotiated a plea bargain that clearly advantaged his client. Before the guilty pleas were accepted, the court engaged in a colloquy with the defendant-appellant and his counsel that established with certainty, confirmed from the mouth of the defendant-appellant himself, that those pleas were intelligent and voluntary. Before the trial court imposed the sentence for which the defendant-appellant bargained, there were multiple continuances of the case. The court took no action that was arbitrary or that was other than in accord with the agreement between the accused and the prosecution.
The defendant-appellant did not seek to renege on his bargain until one or more of his confederates in the robberies were prosecuted and those trials or hearings produced results that, in the defendant-appellant's mind, were more advantageous to them than his bargain was to him. The record convinces us that the court was not unreasonable, arbitrary or unconscionable in denying the motions to withdraw his guilty pleas. Therefore, we overrule appellant's assignments of error and affirm the judgment of the trial court.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.